# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:21-cr-131-JDL |
| | ) |
| CAMERON EAGLE | ) |
| | ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel, Darcie N. McElwee, United States Attorney for the District of Maine, respectfully submits the following memorandum in aid of sentencing in this matter.

### INTRODUCTION

Cameron Eagle, who was 34 years old at the time and living in Florida, paid a 14 year old female Maine girl to masturbate for him over a social media platform in May 2020. He stands before the Court having pleaded guilty to solicitation of child pornography, in violation of 18 U.S.C. § 2252A(a)(3)(B) and (b)(1). For the reasons stated below, the government respectfully submits that a significant sentence of imprisonment is appropriate, but that a guideline sentence is likely not necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a), and, therefore, anticipates recommending a below-guideline sentence at the sentencing hearing.

### GOVERNMENT'S POSITION

Eagle faces a minimum mandatory sentence of five years and a statutory maximum of 20 years imprisonment. PSR ¶ 45. The Court may impose a supervised release term of between five years and life. PSR ¶ 48. A fine of up to $250,000 may

be imposed, and a $100 special assessment is mandatory. PSR ¶¶ 52-53. It appears that he does not have the means to pay either a fine or the additional $5,000 special assessment applicable to child exploitation offenses. PSR ¶¶ 44, 53. Restitution is mandatory, however, no victims have submitted restitution requests.

I.     **Eagle's Advisory Sentencing Guidelines Are Properly Calculated**

The revised PSR calculates Eagle's advisory guidelines in the following way:

| Base offense level | 32 | § 2G2.1(a) |
|---|---|---|
| 12-16 year old minors | +2 | § 2G2.2(b)(1) |
| Commission of a sexual act | +2 | § 2G2.1(b)(2)(A) |
| Use of computer | +2 | § 2G2.2(b)(6) |
| Acceptance of responsibility | -3 | § 3E1.1 |
| **Total Offense Level** | **35** | |

PSR ¶¶ 16 - 27. At Criminal History Category I, his advisory guidelines range is 168 - 210 months. PSR ¶ 45.

II.    **A Significant Sentence of Incarceration Is Appropriate, but a Guideline Sentence Is Not Necessary**

The government anticipates that it will recommend a significant sentence of imprisonment, but one that is below the advisory guidelines range. A below-guideline sentence is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The Offense Conduct section of the Revised PSR accurately describes Eagle's actions. In May 2020, using the social networking site Omegle.com and a financial

peer-to-peer application known as CashApp, Eagle connected virtually from Florida with a 14-year old girl in Maine and provided her electronic payment to allow him to watch her "play with her pussy." PSR ¶¶ 4-8. The girl could not see Eagle on the screen, instead only a black screen labeled "Stranger." PSR ¶ 5. Investigators obtained a search warrant for Eagle's Florida residence, and in a subsequent interview at his home, he admitted searching for "young looking" females to whom he was attracted. PSR ¶ 9. Forensic analysis of his cellular devices revealed no child pornography images. *Id*.

As noted above, this conduct results in an advisory guidelines range of 168-210 months. In the usual case, this range would be a good starting point for the Court in determining the appropriate sentence. Here, however, the government believes that a guideline sentence is longer than necessary to fulfill the statutory purposes of sentencing.

In the government's view, the most salient aspects of Eagle's offense conduct are that it involved the commission, and live stream, of a sexual act (the victim's masturbation) and, as Eagle concedes, this virtual sexual encounter was not an isolated incident. PSR ¶¶ 9-10. While the other guideline enhancements (minors aged 12-16, use of a computer) are also certainly relevant, the fact remains that they are present in almost all child exploitation cases and therefore arguably fail to meaningfully distinguish Eagle from other offenders.

**III.  A Below-Guideline Sentence Fulfills the Statutory Purposes of Sentencing**

In addition to the nature and circumstances of the offense, discussed above, the other statutory factors under 18 U.S.C. § 3553(a) also support the imposition of a

significant below-guideline sentence.

    **A.**    **Eagle's History and Characteristics**

With respect to Eagle's history and characteristics, he has zero criminal history, a strong support system, and has otherwise spent a career helping others, which weighs heavily in favor of a below-guideline sentence.

    **B.**    **Seriousness of Offense, Respect for the Law, Just Punishment**

The Court also must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). These factors are related. As the court noted in *United States v. Stern*, 590 F. Supp. 2d 945 (N.D. Ohio 2008), "There is no reason to believe that respect for the law will increase if a defendant who deserves leniency is sentenced harshly any more than there is reason to believe that respect for the law will increase if a defendant who deserves a harsh punishment receives a slap on the wrist." *Id.* at 957. In this case, Eagle's offense was quite serious, and calls for a significant period of incarceration. However, the government believes that a below-guideline sentence will still be a just punishment that adequately reflects the offense's seriousness.

    **C.**    **General and Specific Deterrence**

The Court also must consider the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(B), (C). These two factors are sometimes said to reflect the needs for general and specific deterrence. *See, e.g.*, *United States v.*

*Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010). With respect to the former, the government believes that a significant period of incarceration is necessary to send the message that those who engage in child exploitation—especially who take advantage of young teenage girls who are more accessible on the internet—will be punished severely.

With respect to the latter, while the government is hopeful based on his immediate and continuing expressions of remorse, it is uncertain whether Eagle will offend again. A significant period of incarceration will enable him to receive sex offender treatment while in prison, and a supervised release term of at least five years will ensure that he takes steps to minimize the risk that he will commit similar crimes in the future.

### D. Training and Treatment

The Court must also consider the need for the sentence imposed to provide Eagle with needed training or treatment. *See* 18 U.S.C. § 3553(a)(2)(D). Any significant period of incarceration will provide him with the opportunity to obtain needed mental health and sex offender treatment, as recommended in the PSR.

### E. Sentencing Disparities

Finally, the Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court concluded that when a sentencing judge correctly calculates and carefully reviews the Guidelines range, he or she necessarily gives

significant weight and consideration to the need to avoid unwarranted disparities. *See id.* at 54.

## CONCLUSION

Eagle's sentence should reflect the seriousness of the crime that he committed, while also recognizing factors that may call for a below-guideline sentence. The Government anticipates recommending a significant sentence that will satisfy the goals of sentencing identified in 18 U.S.C. § 3553, but one that is below the advisory guidelines range.

Dated: February 8, 2022                Respectfully submitted,

                                       /s/ DARCIE N. MCELWEE
                                       UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, I electronically filed the above **Government's Sentencing Memorandum** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Stacey Neumann, Esq.**
sdn@mpmlaw.com

   /s/ Darcie N. McElwee
United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 771-3227
Darcie.McElwee@usdoj.gov